UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
LORRAINE PILITZ, AUTOTECH
COLLISION INC., and BELLMORE
COLLISION, INC.,

                        MEMORANDUM AND ORDER

          Plaintiffs,              CV 07-4078

   -against-                   (Wexler, J.)

THE INCORPORATED VILLAGE OF
ROCKVILLE CENTRE, et al.,

          Defendants
----------------------------------------------------X
APPEARANCES:

    KARASIK & ASSOCIATES
    BY: SHELDON KARASIK, ESQ.
    Attorneys for Plaintiffs
    28 West 36th Street, Suite 901
    New York, New York 10018

    KAUFMAN BORGEEST & RYAN, LLP
    BY: JOAN M. GILBRIDE, ESQ.
    Attorneys for Rockville Centre Defendants
    200 Summit Lake Drive
    Valhalla, New York 10595

    HARRISON J. EDWARDS, ESQ., VILLAGE ATTORNEY
    INCORPORATED VILLAGE OF FREEPORT
    Attorneys for the Freeport Defendants
    46 North Ocean Avenue
    Freeport, New York 11520

    MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
    BY: BRIAN S. SOKOLOFF, ESQ.
    Attorneys for the Malverne Defendants
    240 Mineola Boulevard
    Mineola, New York 11501

WEXLER, District Judge:

This is an action alleging federal civil rights claims pursuant to 42 U.S.C. §1983 ("Section 1983"), and state law claims.[1] The factual allegations underlying all claims are the same. Essentially, the individual Plaintiff Lorraine Pilitz ("Pilitz"), alleging that she is the only female owner of towing businesses in Nassau County, states that she has been deprived of the right to operate those businesses in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Corporate Plaintiffs Autotech Collision, Inc. ("Autotech") and Bellmore Collision, Inc., ("Bellmore") are the towing businesses operated by Pilitz. The court refers herein to Plaintiffs collectively as "Plaintiff."

Named as Defendants are three Nassau County Municipalities – the Villages of Rockville Centre, Freeport and Malverne. Also named are certain officials and employees of these Villages. With respect to the Village of Freeport ("Freeport"), Plaintiff names the Freeport Village Board of Trustees, the Freeport Village Mayor, the Chief of Police, the Village Attorney and an employee of the Freeport Police Department (collectively, along with the Village of Freeport, the "Freeport Defendants"). With respect to the Village of Malverne, Plaintiff names the Malverne Village Board of Trustees, Anthony Panzarella, the Malverne Village Mayor and Glen Jacobsen, the Malverne Chief of Police (collectively, along with the Village of Malverne, the "Malverne Defendants").

Presently before the court is the motion of the Malverne Defendants, pursuant to Rule 56

---

[1] The complaint also alleged claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). Those claims were dismissed by the court in an earlier memorandum and order. See Pilitz v. Rockville Centre, 2008 WL 4326996 *5 (E.D.N.Y. 2008).

2

of the Federal Rules of Civil Procedure, for summary judgment. Also before the court is Plaintiff's motion for summary judgment as to the claims against Freeport.

## BACKGROUND

I.  Factual Background

The facts in support of Plaintiff's claims are set forth in detail in this court's decision regarding the prior motion to dismiss. See Pilitz v. Incorporated Village of Rockville Centre, 2008 WL 4326996 (E.D.N.Y. 2008) ("Pilitz I"), and will not be set forth in detail herein. Only those facts relevant to the motions presently before the court, i.e., those involving Malverne and Freeport, are discussed.

Autotech and Bellmore are towing and auto repair companies owned by Pilitz. Pilitz alleges being treated differently from other towing companies doing business in Freeport and Malverne. Specifically, Plaintiff alleges that, contrary to rotational procedures established by Freeport and Malverne, her companies were either bypassed completely, or not called for lucrative accident-related tow jobs. Instead, Plaintiff states that her companies were called only for less profitable impound towing jobs. Plaintiff's allegations against Freeport are limited to the time period preceding 2007, when Plaintiff concedes that any discriminatory treatment stopped. As to Malverne, Pilitz alleges additionally that Malverne employees steered potential towing jobs away from the Plaintiff companies.

The core of Plaintiff's Constitutional claim is the allegation that she was subject to arbitrary and capricious treatment when she was treated differently from other similarly situated tow companies. In particular, Plaintiff alleges "class of one" disparate treatment. In addition to her Federal Constitutional claim, Plaintiff alleges the denial of rights under the Constitution of

the State of New York. Additionally, Plaintiff alleges tortious interference with contract. In connection with this claim it is alleged that Plaintiffs attempted to enter into valid contracts for the provision of automotive services with third parties, and that Defendants intentionally and unjustifiably procured the breach of such contracts. Finally, Pilitz sets forth a claim for negligent supervision, stating that the Defendant Villages failed to supervise, monitor, and control the activities of their employees, thus allowing the violations set forth in the complaint.

III. The Motions for Summary Judgment

A. Plaintiff's Motion

Plaintiff seeks summary judgment on her Equal Protection claim against Freeport. In support of the motion, Plaintiff compares the number of licensed tow companies to the number of tows assigned. Based upon these numbers, Plaintiff alleges that she did not receive the pro rata share of tows to which she was entitled. Freeport's opposition to the motion argues that Plaintiff's reliance on a pro rata assessment of the number of tows received is insufficient to establish an Equal Protection violation. In particular, Freeport notes the presence of issues of fact regarding Plaintiff's license to do business in Freeport. Additionally, Freeport points to issues of fact as to any similarity to other towing companies, and whether or not any there was a rational basis and/or malice or ill will to explain the treatment allegedly received by Plaintiff. Additionally, Freeport relies on the case of Engquist v. Oregon Dep't of Agriculture, 128 S. Ct. 2146 (2008), in support of the argument that Plaintiff's Equal Protection claim is barred because the assignment of tows is discretionary in nature.

B. Malverne's Motion

Malverne's motion for summary judgment points to the rotational tow list as fair on its

face. It offers the fact that a customer is entitled to choose a towing company that is not necessarily the next on the rotation list as the explanation for any disparity in numbers. The Malverne Defendants also seek dismissal of the complaint against the Malverne Village Board of Trustees on the ground that the Board is not an entity separate from the Village that is subject to suit and, even after discovery, Plaintiff has come forward with no facts to support any wrongdoing on the part of the Board. Malverne seeks dismissal of all claims arising more than three years before commencement of this action on statute of limitations grounds. Summary judgment on the ground of qualified immunity is sought on the part of Defendants Panzarella and Jacobsen. Finally, Malverne seeks dismissal of Plaintiff's state law claims for failure to file a notice of claim.

In opposition to the motion, Plaintiff argues that she has not received her pro rata share of tows. Additionally, Plaintiff alleges that Malverne police routinely steered potential towing customers away from her business and that she is in possession of audio tapes that prove this claim.[2] Plaintiff seeks tolling of the statute of limitations to allow for the raising of claims in excess of three years prior to commencement of this lawsuit. As to qualified immunity, Plaintiff relies on the fact that this court denied a motion to dismiss on the ground of qualified immunity, and that there should be no different result in the context of this motion for summary judgment. Finally, Plaintiff argues that the complaint in this action serves as a substitute for the filing of a formal notice of claim.

---

[2] The court makes no ruling at this time as to the admissibility of any such tape at trial.

## DISCUSSION

I.   Standard for Summary Judgment

The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute, and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). The Court should not grant summary judgment if there is "any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford, 316 F.3d at 353; Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). In addition, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

Once the moving party discharges its burden of proof under Rule 56(c), the party opposing summary judgment has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586. A party opposing summary judgment may not rest upon mere allegation or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. "The mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). Enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Anderson, 477 U.S. at 248.

II.   Equal Protection

As noted in this court's earlier decision, the Fourteenth Amendment right to Equal Protection of the law is "essentially a direction that all persons similarly situated be treated

alike." City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Disabled American Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 141 (2d Cir. 1992). The right to equal protection prohibits classification due to membership in a protected class, Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995), and also extends to individuals who allege disparate treatment based upon ill will, or without rational basis. Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). To establish this latter type of Equal Protection violation, a plaintiff must show treatment different from that given to other similarly situated individuals. See Harlen, 273 F.3d at 499. Such Plaintiffs must also show either that the disparate treatment: (1) was based upon "'impermissible considerations," including the "malicious or bad faith intent to injure," or (2) was wholly irrational or arbitrary. Harlen, 273 F.3d 500; see Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005); see also Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

III. Disposition of Plaintiff's Motion for Summary Judgment Against Freeport

Plaintiff's motion relies on an argument based upon an analysis of the number of tows assigned to Plaintiff. She argues that these numbers reveal that Plaintiff did not receive a fair pro rata number of tows, and that this disparity entitles Plaintiff to summary judgment on the Equal Protection claim. Plaintiff's argument, which relies wholly on the number of tows, versus number of towing companies, falls far short of establishing an Equal Protection violation. Specifically, Plaintiff nowhere addresses the factual issues of similarity among towing companies, or the intent of the individuals who allegedly acted to deprive Plaintiff of the tow assignments. The presence of these factual issues as well as factual issues raised by Freeport with respect to the status of Plaintiff's license, precludes an award of summary judgment to the

7

Plaintiff.

Additionally, as pointed out by Freeport, the principles set forth by the Supreme Court in Engquist v. Oregon Dep't of Agriculture, 128 S. Ct. 2146 (2008), may well impact Plaintiff's ability to state an Equal Protection claim. In Engquist, the Supreme Court held clearly that a "class of one" Equal Protection claim cannot be stated in cases where the government is acting purely as an employer. Engquist, 128 S. Ct. at 2148-49. The discretion involved in the making of employment decisions, and the concomitant necessity that all employees not be treated alike, negates an Equal Protection claim based upon a "class of one," theory of discrimination. Id. at 2154 (treating individuals differently in employment context is "accepted consequence of the discretion granted"). While public employees may continue to claim class-based discrimination in violation of the Equal Protection clause, any claim of "class of one" discrimination is foreclosed in the public employment context.

While the Second Circuit has not directly addressed the issue, courts have interpreted Engquist to require the proving of an additional factor when pursuing an Equal Protection claim alleging class of one discrimination. Specifically, it has been held that, in addition to showing substantial similarity, and ill will or malice, an Equal Protection Plaintiff must also show that the government action challenged was not discretionary in nature. E.g., Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1274 (11th Cir. 2008) (Engquist bars class of one discrimination claim brought by government contractors); Crippen v. Town of Hempstead, 2009 WL 803117 *6 (E.D.N.Y. 2008) (Engquist requires a showing that challenged government action was not discretionary); Analytical Diagnostic Labs, Inc. v. Kusel, 2008 WL 4222042 *3 (E.D.N.Y. 2008) (same).

8

This additional requirement has support in Engquist. While the narrow holding of the case is that a public employee may not allege a class of one Equal Protection claim, the Court illustrates a non-employment scenario to demonstrate the type of case where discretion is involved, and an Equal Protection class of one claim is therefore precluded. Specifically, the Court in Engquist referred to the situation where several cars are speeding by a police car, but only one is singled out for violation of traffic laws. While the stopped motorist does, on some level, represent a "class of one," such a situation cannot support a class of one Equal Protection claim because of the discretion afforded police officers in enforcement of the traffic laws. Engquist, 128 S. Ct. at 2154. This illustration lends support to the notion that Engquist is not to be strictly interpreted to apply only to employment cases, but to all cases involving discretionary, as opposed to legislative or regulatory, state action.

In light of the foregoing analysis, this court agrees that to state an Equal Protection claim alleging class of one discrimination, a Plaintiff must show not only substantial similarity and ill will, but also that the government action alleged is not discretionary. The issue of whether the tow assignment procedures at issue here fall on the side of discretionary, or non-discretionary conduct, however, is not clear. Once the nature of the procedures are made clear at trial, the court will entertain the issue of whether Plaintiff's class of one Equal Protection claim remains valid.

III. Disposition of Malverne's Motion for Summary Judgment

Plaintiff concedes that the Malverne Village Board of Trustees is not an separate entity that is subject to suit, and therefore concedes to dismissal of this Defendant. As to Malverne's motion seeking dismissal of the Equal Protection claim on the merits, the court denies that

motion for substantially the same reason that Plaintiff's motion was denied. Important issues of fact regarding the way in which the Malverne tow referral system operates precludes the court from ruling on the basis of summary judgment papers alone.

The court agrees with Malverne that all claims arising prior to three years before commencement of this action are barred by the applicable statute of limitations. The court has reviewed the parties' submissions on this issue, and sees no reason to toll the statute of limitations to allow for time-barred claims to be raised.

Defendants Panzarella and Jacobsen argue that the claims against them are barred by qualified immunity. Although this claim was raised and rejected in the context of the prior motion to dismiss, See Pilitz, 2008 WL 4326996 at *7, that ruling does not, as argued by Plaintiff, foreclose the raising of the argument anew in the context of this motion. The court therefore turns to consider the merits of this argument in this summary judgment context.

Qualified immunity bars an action against a government official where the conduct alleged "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007), quoting, Harlow v. Fitzgerald, 457 U.S. 800. 818 (1982). Summary judgment on a claim of qualified immunity is warranted if the court concludes that no reasonable jury could conclude that it was objectively unreasonable for the defendant to believe that his actions did not violate a clearly established right. Danahy v. Buscaglia, 134 F.3d 1185, 1190 (2d Cir. 1998); Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). Stated differently, "if the court determines that the only conclusion a reasonable jury could reach is that reasonable [officials] would disagree about the legality of the defendant's conduct" summary judgment in their favor is appropriate. Luessenhop

10

v. Clinton County, 2007 WL 1063650 *6 (N.D.N.Y. 2007).

In light of Engquist, it is not completely without question that the Equal Protection rights alleged by Plaintiff were clearly established at the relevant time period. Even assuming that the rights alleged were, in fact clearly established, Plaintiff fails to raise an issue of fact as to the conduct of Defendants Panzarella and Jacobsen, and the objective reasonableness of their acts. Indeed, even after discovery, Plaintiff fails to come forward with facts showing the specific allegedly unconstitutional acts allegedly engaged in by these Defendants, relying only upon the argument that because a motion to dismiss was denied, a motion for summary judgment must be similarly denied. The court disagrees, and in light of the foregoing, grants the motion to dismiss Defendants Panzarella and Jacobsen on the ground of qualified immunity.

The court now turns to the final issue raised in the context of the Malverne Defendants' motion for summary judgment, i.e., whether the state law claims are barred by the failure to file a notice of claim. In the Memorandum and Order addressing motions to dismiss, this court held that Plaintiff's state law claims were subject to the statutory notice of claim requirement found in Section 50-I of the General Municipal Law. See Pilitz, 2008 WL 4326996 at * 8-9. The court held further that under Section 50-e(5) of the New York General Municipal Law, Plaintiff may serve a late notice of claim. Id.

The Malverne Defendants now move for summary judgment dismissing Plaintiff's state law claims on the ground that, despite this court's ruling allowing for the late filing, Plaintiff has still not filed the notice of claim. Plaintiff responds that despite the court's earlier ruling, it could not file a proper notice of claim because where, as here, such a filing would be made more than one year after the expiration of the statutory period for filing of a notice of claim, such filing is

11

prohibited by New York law. See Pierson v. City of New York, 453 N.Y.S.2d 615, 616-17 (1982); Auditore v. City of New York, 830 N.Y.S.2d 441, 443 (N.Y. County 2006). Plaintiff argues further that no such notice is necessary here because the complaint serves as a substitute for the formal notice of claim.

Plaintiff's response raises new issues not before the court when deciding the motion to dismiss. Specifically, Plaintiff appears to argue that because of the passage of time in this particular case, this court lacked jurisdiction allow for the filing of a late notice of claim. Despite this, Plaintiff also argues that the filing of the complaint can substitute for the notice of claim. Defendant argues that a complaint cannot serve as such a substitute. See Parise v. New York City Dep't. of Sanitation, 2007 WL 2736912 *6 (S.D.N.Y. 2007).

The issues of whether this court must reconsider its decision to allow for the late filing of a notice of claim, and whether, assuming the propriety of a late filing, Plaintiff's complaint can substitute for the notice of claim, are issues that have not been sufficiently briefed before this court. The court will allow both sides the opportunity for further briefing of these issues and will defer a decision on the merits. Plaintiff is directed to submit a memorandum of law, no more than three pages in length, addressing whether this court had jurisdiction to extend the time to file the notice of claim more than one year and ninety days after the event forming the basis of Plaintiff's claim, and whether the complaint may substitute for such notice. Defendant Malverne shall respond to Plaintiff's submission, with a memorandum not to exceed three pages in length, ten days after receipt of Plaintiff's memorandum. Plaintiff may submit a two page reply, two days after receipt of Defendant's response. Upon receipt of the parties' submissions, the court will decide whether or not Plaintiff's state law claims should be dismissed on notice of claim

grounds.

## CONCLUSION

For the foregoing reasons, the court denies Plaintiff's motion for summary judgment in its entirety. The Malverne Defendants' motion for summary judgment is granted to the extent that the Village Board of Trustees is dismissed because it is not a separate entity subject to suit. Additionally, the claims against Individual Defendants Panzarella and Jacobsen are dismissed on the ground of qualified immunity. The motion is of the Malverne Defendants is, in all other respects, denied at this time. The parties are directed to submit papers regarding the notice of claim issues as set forth above. The Clerk of the Court is directed to terminate the outstanding motions for summary judgment.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 21, 2009