UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LORRAINE PILITZ, AUTOTECH
COLLISION INC., and BELLMORE
COLLISION, INC.,

                                        MEMORANDUM AND ORDER

              Plaintiffs,                         CV 07-4078

      -against-                                    (Wexler, J.)

THE INCORPORATED VILLAGE OF
ROCKVILLE CENTRE, et al.,

             Defendants
----------------------------------------------------------X
APPEARANCES:

    KARASIK & ASSOCIATES
    BY: SHELDON KARASIK, ESQ.
    Attorneys for Plaintiffs
    28 West 36th Street, Suite 901
    New York, New York 10018

    KAUFMAN BORGEEST & RYAN, LLP
    BY: JOAN M. GILBRIDE, ESQ.
    Attorneys for Rockville Centre Defendants
    200 Summit Lake Drive
    Valhalla, New York 10595

    HARRISON J. EDWARDS, ESQ., VILLAGE ATTORNEY
    INCORPORATED VILLAGE OF FREEPORT
    Attorneys for the Freeport Defendants
    46 North Ocean Avenue
    Freeport, New York 11520

    MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
    BY: BRIAN S. SOKOLOFF, ESQ.
    Attorneys for the Malverne Defendants
    240 Mineola Boulevard
    Mineola, New York 11501

WEXLER, District Judge:

This is an action alleging federal civil rights claims pursuant to 42 U.S.C. §1983 ("Section 1983"), and state law claims. In a Memorandum and Order dated April 21, 2009, (the "April 21 Order") this court identified issues relating to Plaintiff's state law claims that required further briefing by the parties. Those issues related to an earlier ruling by this court allowing Plaintiff to file a late notice of claim pursuant to Section 50-I of the New York State General Municipal Law.

Despite this court's earlier decision allowing Plaintiff to file a late notice of claim, Plaintiff never did so, and Defendants moved to dismiss the state law claims. In the course of the parties' argument, it became clear to the court that new issues of law with respect to the filing of late notices of claim were raised. In the April 21 Order, this court focused on those issues and raised the specific questions of whether: (1) this court had jurisdiction to extend the time in which a notice of claim could be filed beyond the statute of limitations, i.e., in excess of one year and ninety days after accrual of the claims and, (2) whether the complaint could serve as a substitute for the statutory notice of claim. The court stated that upon receipt of supplemental briefs, it would decide whether the state law claims should be dismissed for failure to file a notice of claim. The parties have briefed the issues, and they are now properly before the court.

## DISCUSSION

At the outset, the court rejects Plaintiff's argument that the statutory notice of claim provision does not apply to the claims raised here. That argument was raised, and rejected by this court in its September 22, 2008, decision on Defendants' motions to dismiss. When the court requested briefing on the issues raised above, it did not invite reargument on the issue of

2

whether the notice of claim provision applies to Plaintiff's state law claims. The court has held that it does, and that decision stands.

Turning to the issues raised in the April 21 Order, the research provided by the parties makes it clear to the court that under New York law a complaint cannot serve as a substitute for a statutory notice of claim. Parise v. New York City Dep't. of Sanitation, 2007 WL 2746912 *6 (E.D.N.Y. 2007); Davidson v. Bronx Municipal Hosp., 484 N.Y.S.2d 533, 534-35 (1984); Davis v. City of New York, 673 N.Y.S.2d 79, 81 (1st. Dep't. 1998). Accordingly, the court holds that the summons and complaint in this action cannot, as a matter of law, serve as a substitute for the notice of claim.

As to the second issue, the submissions presently before the court make clear that this court lacks jurisdiction to grant a request to file a late notice of claim if more than one year and ninety days has passed since accrual of the claim. Pierson v. City of New York 453 N.Y.S.2d 615, 617 (1982). Plaintiffs argue that since the complaint was filed within one year and ninety days of the accrual of their state law claims, the court had the power to grant the extension of time in which to file the notice of claim. Defendants argue that the filing of the complaint was not the date on which Plaintiffs sought leave to file a late notice of claim. Instead, it is argued that no request to file a late notice of claim was made until interposed in response to Defendants' motion to dismiss in March of 2008 and not as of the filing of the complaint herein in September of 2007.

The court agrees with Defendants' position that no request to file a late notice of claim was made until March of 2008. Since that date is in excess of one year and ninety days after accrual of Plaintiff's state law claims, the court lacked jurisdiction to allow for the filing of a late

3

notice of claim. The court therefore reverses its earlier decision to allow for the late notice of claim and dismisses Plaintiff's state law claims.

## CONCLUSION

In light of the foregoing, the court holds that the summons and complaint herein cannot substitute for the notice of claim. The court further holds that because Plaintiff did not request leave to file a late notice of claim until after expiration of the statute of limitations, this court lacked jurisdiction to allow for the late filing. Accordingly, the court now dismisses Plaintiff's state law claims.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 8, 2009