UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LORRAINE PILITZ, AUTOTECH
COLLISION INC., and BELLMORE
COLLISION, INC.,

                                                                          <u>MEMORANDUM AND ORDER</u>

                    Plaintiffs,                                       CV 07-4078

     -against-                                                 (Wexler, J.)

THE INCORPORATED VILLAGE OF
ROCKVILLE CENTRE, et al.,

                    Defendants
-------------------------------------------------------X
APPEARANCES:

    KARASIK & ASSOCIATES
    BY: SHELDON KARASIK, ESQ.
    Attorneys for Plaintiffs
    28 West 36th Street, Suite 901
    New York, New York 10018

    GOLD, STEWART, KRAVITZ. BENES. LLP
    BY: JEFFREY B. GOLD, ESQ.
    1025 Old Country Road Suite 301
    Westbury, NY 11590
    Attorneys for Plaintiffs

    KAUFMAN BORGEEST & RYAN, LLP
    BY: JOAN M. GILBRIDE, ESQ.
    Attorneys for Rockville Centre Defendants
    200 Summit Lake Drive
    Valhalla, New York 10595

    HARRISON J. EDWARDS, ESQ., VILLAGE ATTORNEY
    INCORPORATED VILLAGE OF FREEPORT
    Attorneys for the Freeport Defendants
    46 North Ocean Avenue
    Freeport, New York 11520

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
BY: BRIAN S. SOKOLOFF, ESQ.
Attorneys for the Malverne Defendants
240 Mineola Boulevard
Mineola, New York 11501

WEXLER, District Judge:

This is an action alleging federal civil rights claims pursuant to 42 U.S.C. §1983 ("Section 1983"), and state law claims. On December 10, 2009, Plaintiffs entered into a stipulation with the Rockville Centre Defendants. These parties also entered into a Settlement Agreement and General Release (the "Settlement Agreement"), which was not "so ordered."

Presently before the court are letters from the Plaintiffs, and the Rockville Centre Defendants regarding the settlement. Plaintiffs' counsel, who did not become counsel to Plaintiffs until two months after the settlement, takes the position that the parties intended the Settlement Agreement to have been "So Ordered" by this court, and submits a copy of that agreement to the court for such purpose. The Rockville Centre Defendants' correspondence indicates that there was no such intention, and opposes the "So Ordering" of the Settlement Agreement. In support of their position, Defendants note that the Settlement Agreement itself does not anticipate enforcement as an order of this court but, instead, states specifically that the parties have the right to enforce the Settlement Agreement by way of a separate civil action to be commenced in either federal or state court.

The court construes the parties' disagreement as a motion by Plaintiffs' to modify the Settlement Agreement to reflect the intention to be "So Ordered," and seeking appropriate relief. At this time the court rules that Plaintiffs and the Rockville Centre Defendants are granted ten days in which to submit any additional information they deem appropriate on the issue raised by

Plaintiffs.  Those submissions are to be made simultaneously, and shall be limited to letters of no more than two pages, exclusive of any other material deemed relevant.  Upon receipt of the parties' submissions, the court will decide whether or not to the Settlement Agreement should be made an order fo this court, and any other relief deemed appropriate.

      SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 4, 2010