UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LORRAINE PILITZ, AUTOTECH COLLISION INC.,
AUTOTECH II INC., and BELLMORE COLLISION,
INC.,

                                        Plaintiff(s),        <u>MEMORANDUM
                                                                 OPINION AND ORDER</u>

                -against-                                                                CV 07-4078 (ETB)

THE INCORPORATED VILLAGE OF FREEPORT,
and THE INCORPORATED VILLAGE OF
MALVERNE,

                                        Defendant(s).
-------------------------------------------------------------------------X

Before the court is a motion by plaintiffs' former counsel, Gold, Stewart, Kravatz, Benes, LLP, for a charging lien in the amount of $10,000 against the settlement procured by plaintiffs in the within action, pursuant to New York Judiciary Law Section 475. For the following reasons, the motion for a charging lien is denied.

## FACTS

Familiarity with the facts of the underlying action is presumed. The crux of this action is a civil rights claim by the individual plaintiff, Lorraine Pilitz, that the defendants discriminated against her and the plaintiff corporations with respect to the operation of her business based on her gender.[1] A trial in this action commenced on July 26, 2010. On July 30, 2010, during the

---

[1] Initially, the Incorporated Village of Rockville Centre, its Board of Trustees and certain individuals employed by the Village of Rockville Centre were named as additional defendants. Plaintiffs subsequently settled their claims with the Rockville Centre defendants prior to trial.

course of the trial, the parties reached a settlement, the terms of which were placed on the record before the Court, and the jury was dismissed.

Prior to trial, plaintiffs were represented by Gold, Stewart, Kravatz, Benes LLP (the "Gold Firm"), pursuant to a retainer agreement executed on January 8, 2010. (Gold Decl. ¶ 4 and Ex. A, annexed thereto.) The retainer agreement provided that plaintiffs were to pay the Gold Firm a retainer of $25,000, to be worked off at an hourly rate of $150 per hour. (Gold Decl., Ex. A ¶¶ 1, 6.) Any hours billed in excess of the retainer amount were to be paid to the Gold Firm out of any sums collected by plaintiffs through either a verdict or a settlement. (Id. ¶ 3.) The retainer agreement further provided that the Gold Firm would receive twenty percent (20%) of any net recovery by plaintiffs. (Id. ¶ 2.) Plaintiffs paid the Gold Firm $15,000 at the time the retainer agreement was signed and agreed to pay the remaining retainer balance of $10,000 prior to trial. (Id.) Plaintiffs failed to pay the remaining $10,000, for which the Gold Firm now seeks a charging lien.[2]

On June 14, 2010, the Gold Firm filed a motion to withdraw as plaintiffs' counsel. (Gold Decl. ¶ 5.) On July 1, 2010, the Court granted plaintiffs' motion to substitute new counsel, Brian Gardner, in place of the Gold Firm. (Id.) Mr. Gardner represented plaintiffs at several days of trial and in connection with the settlement agreement reached between plaintiffs and the remaining defendants, the Villages of Freeport and Malverne.

---

[2] According to the Gold Firm, the amount they seek is "far less than the outstanding amounts of legal fees owed, which total $26,198.28." (Gold Decl. ¶ 2.)

DISCUSSION

I.   New York Judiciary Law Section 475

New York Judiciary Law Section 475 "governs attorney's charging liens in federal courts sitting in New York." Itar-Tass Russian News Agency v. Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998) (citing cases). Pursuant to Section 475, "an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." Stair v. Calhoun, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (citing N.Y. Judiciary Law § 475); see also Sequa Corp. v. GBJ Corp., 156 F.3d 136, 147 (2d Cir. 1998) ("Under New York law, an attorney dismissed without cause is entitled to liens in his favor to secure payment of reasonable fees and costs incurred prior to the date of substitution of counsel."). To establish entitlement to a lien under Section 475, "there must be asserted a claim which can eventuate in there being proceeds payable to, or assets recoverable by, the client as a result of the efforts of the attorney." Stair, 722 F. Supp. 2d at 267 (quotation omitted).

Under New York Judiciary Law Section 475, "a charging lien may be determined 'on a quantum meruit basis, ascertaining the reasonable value of the legal services rendered up to the date of' counsel's withdrawal or discharge." Antonmarchi v. Consolidated Edison Co. of New York, Inc., No. 03 Civ. 7735, 2010 U.S. Dist. LEXIS 88024, at *3 (S.D.N.Y. Aug. 24, 2010) (quoting Sequa Corp., 156 F.3d at 148); see also Stair, 755 F. Supp. 2d at 268 (stating that a charging lien is determined on a quantum meruit basis). "A charging lien . . . is equitable in nature . . . and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'" Antonmarchi, 2010 U.S. Dist. LEXIS 88024, at *3-4 (quoting Sutton v. New York City

Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006)). Accordingly, "[t]he theory of quantum meruit, rather than the retainer agreement, is the basis for determining the amount at which to fix the charging lien." Stair, 755 F. Supp. 2d at 268.

In determining the amount of a charging lien, the court may consider the following factors: (1) "the difficulty of the matter"; (2) "the nature and extent of the services rendered"; (3) "the time reasonably expended on those services"; (4) "the quality of performance by counsel"; (5) "the qualifications of counsel"; (6) "the amount at issue"; and (7) "the results obtained." Sequa Corp., 156 F.3d at 148 (citations omitted). "[T]he determination of the reasonable value of the services at issue is a matter within the sound discretion of the trial court." Stair, 755 F. Supp. 2d at 269 (citing Sequa Corp., 156 F.3d at 149).

II.     The Gold Firm is Not Entitled to a Charging Lien

The Gold Firm seeks to recover as a charging lien the unpaid balance under its retainer agreement with plaintiffs, in the amount of $10,000. However, as stated supra, the amount of any charging lien is determined on a quantum meruit basis, not according to the terms of a retainer agreement. Accordingly, the Court is required to determine the reasonable value of the Gold Firm's services.

The Gold Firm was retained on January 8, 2010. On June 14, 2010, the Gold Firm moved to be relieved as plaintiffs' counsel and current counsel was formally substituted in on July 1, 2010. During the time that the Gold Firm represented plaintiffs, it is undisputed that they were successful in negotiating a settlement with the Rockville Centre Defendants. However, the trial in this action - in which only the villages of Freeport and Malverne were defendants - did not

commence until July 26, 2010, nearly one month after the Gold Firm was relieved of its duties as counsel. It is well-settled that a charging lien does not cover all the services rendered in a particular litigation, but only those services that produced the recovery sought to be charged. See Indu Craft, Inc. v. Bank of Baroda, No. 87 Civ. 7379, 1996 WL 556935, at *7 (S.D.N.Y. Oct. 1, 1996) (citing cases); First Nat'l Bank & Trust Co. v. Hyman Novick Realty Corp., 421 N.Y.S.2d 733, 734 (3d Dep't 1979). Here, the Gold Firm was relieved as counsel almost a month before trial commenced. The settlement reached with defendants Freeport and Malverne did not take place until several days into the trial.

In addition, after being relieved of its duties as counsel, the Gold Firm turned over its file to plaintiffs' current counsel but withheld its work product, which constitutes approximately 60-100 hours of time spent by the Gold Firm on "[t]he selection of the documents to be used at trial." (Gardner Decl. Ex. B.) As a result, none of the pre-trial preparation asserted to have been performed by the Gold Firm was available for use by plaintiffs' current counsel during trial. Accordingly, such "work product" could not have assisted in producing the settlement achieved herein.

Moreover, included within the legal fees the Gold Firm purports to be due and owing is certain "licensing work" performed for plaintiffs in Rockville Centre and Long Beach, none of which was included in the retainer agreement submitted into evidence. (Gold Decl ¶ 4 and Ex. A.) "[T]he district court is limited to setting fees that arise from the underlying action; it may not set fees for work done on unrelated actions." Indu Craft, 1996 WL 556935, at *7 (citing Pay Television of Greater New York, Inc. v. Sheridan, 766 F.2d 92, 94 (2d Cir. 1985)). Any licensing work performed by the Gold Firm is clearly not part of the within litigation and the

Gold Firm is therefore not entitled to a charging lien against plaintiff's settlement recovery for it.

Lastly, even if the Court found that the Gold Firm were entitled to a charging lien against plaintiffs' recovery herein, it would be impossible for the Court to evaluate the reasonable value of the Gold Firm's services since counsel failed to provide the Court with contemporaneous time records in support of its motion. This, too, is a fatal flaw in the Gold Firm's application. The Second Circuit made clear in <u>New York State Association for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136 (2d Cir. 1983), that "any attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records," which "specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Id.</u> at 1148. The Gold Firm has completely failed to comply with this requirement.

For the foregoing reasons, the Court finds that the Gold Firm played no part in the achievement of the settlement reached herein between plaintiffs and the villages of Freeport and Malverne and is therefore not entitled to a charging lien. Accordingly, the Gold Firm's motion for a charging lien is denied.

CONCLUSION

For the foregoing reasons, former counsel Gold, Stewart, Kravatz, Benes LLP's motion for a charging lien against the settlement recovered by plaintiffs herein is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
February 2, 2011

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge