UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LORRAINE PILITZ, AUTOTECH COLLISION INC.,
AUTOTECH II INC., and BELLMORE COLLISION,
INC.,

            Plaintiff(s),   <u>MEMORANDUM</u>
                    <u>OPINION AND ORDER</u>

      -against-           CV 07-4078 (ETB)

THE INCORPORATED VILLAGE OF FREEPORT,
and THE INCORPORATED VILLAGE OF
MALVERNE,

            Defendant(s).
-------------------------------------------------------------------------X

   By letter dated December 14, 2011, plaintiffs request a pre-motion conference in anticipation of filing a motion for reconsideration of the Court's November 17, 2011 Memorandum Opinion and Order, which awarded plaintiffs' former counsel, Sullivan Gardner, P.C., a charging lien in the amount of $43,526.75. For the following reasons, plaintiffs' request for a pre-motion conference is denied. Treating the December 14, 2011 letter as constituting a motion for reconsideration, the motion is denied as well.[1]

---

[1] "The sole purpose of a pre-motion conference is to permit th[e] Court to weed out clearly meritless arguments and, thereby, to expedite th[e] litigation and to reduce costs to the parties and the Court." <u>La Scalia v. Driscoll</u>, No. 10-CV-5007, 2011 U.S. Dist. LEXIS 14247, at *4 (E.D.N.Y. Feb. 14, 2011). Since the Court finds the arguments raised in plaintiffs' December 14, 2011 letter to be clearly meritless, it would be futile to hold a pre-motion conference with respect to plaintiffs' proposed motion for reconsideration. <u>See id.</u> The Court will instead treat this request as a motion for reconsideration.

DISCUSSION[2]

I.      Legal Standard

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Vill. of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

---

[2] Familiarity with the facts of the underlying action is presumed and, as such, they will not be repeated here.

underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("The Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)).

Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

II. <u>Plaintiffs' Application for Reconsideration</u>

Plaintiffs provide two bases for their request for reconsideration that they "believe[] the court did not take into consideration in its earlier determination:" (1) that the retainer agreement signed by the parties capped the hourly fees at $30,000; and (2) that this matter must be submitted to the Joint Committee on Fee Disputes because the amount in controversy is under $50,000. (Letter from Michelen, O. to Boyle, J., dated Dec. 14, 2011.) Neither argument warrants reconsideration of the November 17, 2011 Memorandum Opinion and Order.

With respect to the first issue, this argument was never raised by plaintiffs in their opposition to the underlying motion. As stated <u>supra</u>, it is well-settled that "[a] party may not, on a motion for [reconsideration], raise an argument for the first time." <u>Church of Scientology</u>, 1997 WL 538912, at *2 (citing cases); <u>see</u> <u>also</u> <u>In re Currency Conversion Fee Antitrust Litig.</u>, 229 F.R.D. 57, 60 (S.D.N.Y. 2005) ("[A] motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion."). The submission of new arguments or claims generally results in a denial of the motion. <u>See</u>, <u>e.g.</u>, <u>Hunt</u>, 2007 WL 1346652, at *2 (denying motion for reconsideration where plaintiffs attempted to advance "a completely new theory"); <u>In re Currency</u>, 229 F.R.D. at 62 ("Plaintiffs concede . . . that they did not raise this issue prior to their motion for reconsideration . . . Accordingly, this Court denies plaintiffs' motion for reconsideration on this issue."); <u>Wiesner v. 321 W. 16th St. Assocs.</u>, No. 00 Civ. 1423, 2000 WL 1585680, at *4 (S.D.N.Y. Oct. 25, 2000) ("Plaintiffs' motion for reconsideration is denied because the Plaintiffs raise new arguments and cite to case law not previously put before the Court.").

Plaintiffs had ample opportunity to advance this argument in their opposition to the

underlying motion, yet failed to do so. In fact, as the November 17, 2011 Memorandum Opinion and Order states, "[t]he parties to the agreement do not dispute that in addition to the $30,000 retainer, Sullivan Gardner was entitled to bill for all work done at the client's request, at the rates stated." (Mem. Op. & Order dated Nov. 17, 2011, 6.) The Court found this understanding between the parties to be "confirmed by the monthly billing statements that Sullivan Gardner provided to plaintiffs monthly, detailing the work performed, as well as the cumulative 'balance due.'" (Id.)

Notwithstanding plaintiffs' failure to raise this argument, the Court fully examined the retainer agreement in making its earlier determination and found that Sullivan Gardner was entitled to three different categories of compensation: "(1) the $30,000 retainer amount, plus; (2) an hourly fee for all work performed on the case or on ancillary matters; and (3) a contingency fee, calculated by taking the total amount of the monetary relief in the action, subtracting the amount of 'costs and expenses,' and taking 15% of that amount." (Id.) Based on this, the Court found that Sullivan Gardner was entitled to a charging lien in the amount of $43,526.75, which represented the full amount of the settlement proceeds herein. Accordingly, plaintiffs' request for reconsideration based on their argument that the retainer agreement capped the hourly fees at $30,000 is denied.

With respect to the second issue raised by plaintiffs - that this fee dispute should be sent to arbitration because the amount in controversy is under $50,000 - such an argument was already advanced by plaintiffs on the underlying motion and rejected by the Court. As the Court found, the amount claimed to be owed by plaintiffs to Sullivan Gardner is over $70,000. (Id. 16.) Accordingly, the amount in dispute is greater than $50,000 and, under Part 137 of the New York

Compilation of Codes, Rules and Regulations, the issue cannot be arbitrated without Sullivan Gardner's consent, which has not been provided. (Id.) Plaintiffs do not point to any facts or controlling law that the Court overlooked in making this determination. Rather, they are simply rehashing a previously advanced argument that the Court found meritless. Accordingly, plaintiffs' request for reconsideration based on the argument that the fee dispute is arbitrable is denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' request for a pre-motion conference is DENIED and instead, the Court treats the request as a motion for reconsideration. Accordingly, plaintiffs' motion for reconsideration of the November 17, 2011 Memorandum Opinion and Order, deemed to be contained in plaintiffs' December 14, 2011 letter, is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
January 23, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge